shall be fixed at rates which shall be just and reasonable for both parties then in interest, to be agreed upon every five years, and if the parties cannot agree, the question shall be a judicial one, to be determined by a competent court of equity jurisdiction, upon bill filed for that purpose.

Third. At the expiration of twenty years from the completion of the bridge, and successively at periods of five years thereafter, the company, or its assigns, or its successors, or purchasers at the foreclosure proceedings under the deed of trust now in suit, may elect to purchase said bridge, and the rights and franchises in connection therewith, and if the parties cannot agree upon the price, the same shall be determined by a court of chancery, upon bill filed for that purpose, which price shall be fixed by the chancellor, subject to appeal, at such sum as, under all the circumstances, shall then appear to be fair, just, and equitable, having reference to the profits which have been derived by the bridge company, the value of the structure and the property, and the value of the bridge franchise across the river at that time and place, and any other circumstances that will conduce to the ascertainment of an equitable result.

Fourth. The court decides nothing as to the exact situs of the bridge, but leaves that to the determination, under the laws of congress and of the state, of the parties to the contract.

The said Mitchell, Sage, and Gurney, by their counsel, thereupon claimed an appeal from the order of the court in the premises, but the court, upon consideration, decided it was not an appealable order, and refused to allow the same.

———

LA CROSSE & M. R. CO. (BRONSON v.). See Case No. 1,930.

LA CROSSE & M. R. CO. (CLEVELAND v.). See Case No. 2,887.

LA CROSSE & M. R. CO. (HOWARD v.). See Case No. 6,760.

LA CROSSE, ETC., PACKET CO. (GERMANIA INS. CO. v.). See Case No. 5,361.

LA CROSSE, ETC., PACKET CO. (KELLOGG v.). See Case No. 7,663.

———

## Case No. 7,970.

### In re LACY.

[4 N. B. R. 62 (Quarto, 15);[1] 3 Am. Law T. 215; 1 Am. Law T. Rep. Bankr. 226.]

District Court, W. D. Texas. Nov., 1866.

LIENS—RECORD OF PRIORITY—MORTGAGE RECORDED PRIOR TO JUDGMENT RECOVERED PRIOR TO THE EXECUTION OF THE MORTGAGE — PREFERENCE.

Where a creditor claims a lien by virtue of a judgment against the bankrupt, recovered on

5th November, 1866, but which was not recorded in the clerk's office until 16th October, 1867; and another creditor holds a mortgage executed by bankrupt, and recorded 7th April, 1867, held, the mortgage lien has priority over the judgment.

[In the matter of W. Y. Lacy, a bankrupt.]

DUVAL, District Judge. In this case, the question certified to me for decision by the register, G. W. Whitmore, Esq., grows out of a controversy between D. A. Calhoun and J. M. Swanson, creditors of said bankrupt, in regard to the priority of their respective liens upon certain lands of said bankrupt in Anderson county. Calhoun claims a lien by virtue of a judgment recovered against the bankrupt in the district court of Anderson county, on the 5th November, 1866, but which was not recorded in the county clerk's office of said county, until the 16th October, 1867. The lien claimed by Swanson accrues under a mortgage on the land, executed to him by the bankrupt, and recorded in said county, on the 7th April, 1867. On the 12th December, 1868, Calhoun proved up his judgment debt without security, and filed the same with the register, and subsequently, to wit, on the 14th August, 1869, he made new proof of his debt with security. Construing together the three acts of January, 1842, 14th February, 1860, and 9th of November, 1866, in regard to the liens of judgments on real estate, it seems to me there can be no doubt that the mortgage lien in this case had priority over that of the judgment. This construction, I think, is fully borne out by the late decision of the supreme court of Texas in the case of Scogin v. Perry [32 Tex. 21]. The decision of the register is, therefore, in all respects affirmed; and the clerk will certify this judgment in the usual manner.

———

LACY (ORR v.). See Case No. 10,589.

LACY (THOMPSON v.). See Case No. 13,965.

LADD (BARKER v.). See Case No. 990.

LADD (BARKER v.). See Case No. 17,352.

LADD (CHANDLER v.). See Case No. 2,593.

———

## Case No. 7,971.

### LADD v. DULANY.

[1 Cranch, C. C. 583.][1]

Circuit Court, District of Columbia. Nov. Term, 1809.

SALE—MERCHANTABLE QUALITY—CONFLICT OF LAWS—PLACE OF DELIVERY.

The law of the place where the goods are to be delivered, according to the contract of sale, determines the merchantable quality of the goods.

———

[1] [Reprinted from 4 N. B. R. 62 (Quarto, 15), by permission.]

[1] [Reported by Hon. William Cranch, Chief Judge.]